FILED
U.S. DISTRICT COURT
2009 AUG 18 AM 11: 35
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-073 |
| | ) | |
| LATRIA GRENISE SMITH | ) | |

## ORDER

Defendant Latria Grenise Smith filed a "Preliminary Motion to Suppress," a "Preliminary Motion to Dismiss," and a "Preliminary Motion to Sever." In the "Preliminary Motion to Suppress," Defendant requests an order that will suppress "evidence, substances, tangible items, including any statements made by the Defendant to government agents and any oral or wire communications intercepted illegally by wiretap or other electronic device, which was obtained in violation of the Defendant's Fourth, Fifth or Sixth Amendment rights, or in contravention of 18 U.S.C. Section 2510 et seq." (Doc. no. 136, p. 1). Notably, although there is no specific factual detail supporting the motion, Defendant requests that the Court hold an evidentiary hearing on the motion (id.), presumably to develop sufficient facts to support Defendant's general allegations. In the "Preliminary Motion to Dismiss" and the "Preliminary Motion to Sever," Defendant concedes that she has identified no grounds for dismissal or severance, but she filed the motions "to preserve [her] right to argue for" dismissal of the indictment or any counts therein and/or severance of Defendants or counts in the indictment should legitimate grounds become known after the due date for filing pretrial motions. (Doc. nos. 135, 145).

On June 26, 2009, the Court entered an Order extending the standard 10-day deadline for filing pre-trial motions for all Defendants in this multi-defendant drug conspiracy case. (Doc. no. 56). The Court reasoned that an extension until August 10, 2009 to file motions was appropriate because of the voluminous discovery that included over 2,400 pages of documentary evidence, ten compact discs containing recordings of numerous intercepted wire communications, and one compact disc containing photographs from searches. (Id. at 1). However, in granting the extension, the Court stated, "All counsel are specifically cautioned that because of this extension, 'preliminary' motions to suppress, sever, or dismiss will not be looked upon favorably. All motions must comply with Loc. Crim. R. 12.1, including the provisions concerning affidavits and citations to record evidence." (Id. at 2). These preliminary motions filed by Defendant on August 7, 2009 in no way comply with Loc. Crim. R. 12.1, as they were filed without an affidavit in support from Defendant and without any evidentiary support, despite the fact that the extensive discovery described above has already been provided by the government. Therefore, these motions are **NULLITIES**. (Doc. nos. 135, 136, 145). Should Defendant desire to file a particularized motion at a time subsequent to this Order, she must adequately explain her failure to timely file the same.[1]

Defendant also filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 140). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during

---

[1] A motion may not be filed outside the deadlines set by the Court except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e).

trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

Lastly, Defendant filed a motion "Motion to Inspect, Examine, and Test Physical Evidence."[2] (Doc. no. 144). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In addition, testing shall not be performed without the presence of the government's technical observer; and

---

[2]The Court is aware that Defendant has various other pre-trial and discovery motions pending. Those motions will be addressed, as necessary, by separate order.

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

SO ORDERED this 18th day of August, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE